IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

|  |  |  |
|---|---|---|
| ROLAND MACHER, et al. | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 7:22-cv-00575 |
| NETFLIX, INC., et al. | ) ) | Judge Thomas T. Cullen |
| Defendants. | ) ) ) | |

**<u>DEFENDANT NETFLIX, INC.'S MOTION TO DISMISS</u>**

Defendant Netflix, Inc. ("Netflix") hereby moves this Court for an order dismissing the Complaint as against it with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, for the reasons set forth in the accompanying memorandum of points and authorities, Netflix respectfully requests that this Court grant its Motion and dismiss the Complaint in its entirety with prejudice.

Dated: March 27, 2023

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Matthew E. Kelley*
   Jay Ward Brown, Va. Bar No. 34355
   Matthew E. Kelley, Va. Bar No. 84045

Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC  20006-1157
Telephone:  (202) 661-2202
Facsimile:  (202) 661-2299
brownjay@ballardspahr.com
kelleym@ballardspahr.com
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| ROLAND MACHER, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 7:22-cv-00575<br>) Judge Thomas T. Cullen |
| NETFLIX, INC., et al. | )<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT NETFLIX, INC.'S MOTION TO DISMISS**

Defendant Netflix, Inc. ("Netflix"), by its undersigned counsel, hereby submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss. Netflix respectfully requests that this Court enter an Order dismissing the Complaint in its entirety with prejudice.

**I.    INTRODUCTION**

*Pro se* Plaintiff Roland "Spanky" Macher filed the sparsely-pleaded Complaint on October 6, 2022, on behalf of himself and Slumlord Millionaire LLC[1] against Netflix, Inc., four Netflix executives, and one former Netflix executive.[2] Plaintiff appears to attempt to assert copyright and trademark infringement claims, based solely on the title of an episode of the

---

[1] Defendants use the singular term "Plaintiff" because Slumlord Millionaire LLC cannot proceed in this action without being represented by counsel. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

[2] Marc Randolph is no longer associated with Netflix and has not been served. Plaintiff has represented to undersigned counsel that he intends to dismiss Mr. Randolph as a defendant with prejudice. Undersigned counsel do not represent Mr. Randolph.

documentary series *Dirty Money* – "Slumlord Millionaire" – which Plaintiff alleges is the same title as a "book and reality show that was registered with the U[.]S[.] Copyright Office in 2016." Compl. at 1.

The Complaint should be dismissed with prejudice because Plaintiff does not and cannot allege facts that would plausibly make out a claim for either copyright or trademark infringement. Plaintiff's copyright infringement claim fails because short phrases and titles are not subject to copyright protection, as both the Copyright Office and multiple federal courts have held. Plaintiff's trademark infringement claim should be dismissed because he does not allege that he has registered a trademark in the term "Slumlord Millionaire," nor does he plead any facts that would plausibly show either that the phrase has developed secondary meaning in the marketplace as a source identifier for any of Plaintiff's works or that the title of one episode of a Netflix documentary series would cause customer confusion with Plaintiff's book.

## II.     FACTUAL BACKGROUND

The Complaint's jumble of allegations, set forth in a series of unnumbered paragraphs, jumps from topic to topic and time frame to time frame and is thus difficult to follow. Netflix attempts to summarize Plaintiff's allegations here.

Although he neither attached a copy of the registration to the Complaint nor provided a registration number, Plaintiff alleges that he obtained a copyright registration for his "book and reality show" titled *Slumlord Millionaire* in 2016. Compl. at 1 (alleging Plaintiff "owns the copy write [*sic*] and trademark to [the title] Slumlord Millionaire."). Other than the title, the Plaintiff does not provide any information about the actual content of the book or reality television show idea. *Id.* at 2. The Court, however, may take judicial notice that, according to its Amazon.com

listing, *Slumlord Millionaire* is a how-to book on buying residential properties and renting them to tenants.[3]

Plaintiff alleges that he attended a television industry trade show in 2018, at which unnamed "Netflix Inc.s [*sic*] people game [*sic*] by Slumlord Millionaire's booth and received information including Macher[']s book." Compl. at 3. He alleges that he followed up with "a blanket e mail to producers, companies, directors, and media executives including Netflix Inc., with the reality show concept [and] a sizzle reel," naming as purported recipients of these materials two former Netflix executives who are not among the Defendants. *Id.* Plaintiff alleges that he sent a copy of his book and "sizzle reel" to Netflix again in 2021. *Id.* at 2. Plaintiff concedes that he "has never been contacted by Netflix Inc. or any of its executives" about his submissions. *Id.* at 3.

Meanwhile, Netflix released the second season of the original documentary series *Dirty Money*, in which each episode is a stand-alone one-hour documentary that focuses on an example of corporate corruption, securities fraud, or illegal accounting in 2020. *See Dirty Money*, NETFLIX, https://www.netflix.com/title/80118100.[4] The third episode of that second season, titled "Slumlord Millionaire," depicts Jared Kushner's rise from real estate heir to presidential

---

[3] *See* https://www.amazon.com/Slumlord-Millionaire-Roland-Macher/dp/0998809004. On a motion to dismiss such as this one, the Court is "permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). The contents of publicly available websites are properly subject to judicial notice. *Caner v. Autry*, 16 F. Supp. 3d 689, 693 n.3 (W.D. Va. 2014); *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 405 F. Supp. 2d 680, 684 n.9 (E.D. Va. 2005).

[4] For purposes of this Motion only as required by Rule 12(b)(6), Netflix accepts the allegation that it created the documentary series in question. However, as the screen credits themselves disclose, the series was produced by an independent production company, Jigsaw Productions, and delivered to Netflix for it to distribute.

son-in-law and White House adviser, and in particular the disturbing patterns journalists and housing advocates uncovered at his properties. *Id.*; *see also* Compl. at 2-3.

Plaintiff alleges that, in the fall of 2021, he sent a series of communications to Netflix claiming that it "had violated Macher[']s copyright and trademark rights of both his book and reality show Slumlord Millionaire" in the title of the *Dirty Money* episode and demanding that it cease and desist. *Id.* at 2-3. Plaintiff alleges that Netflix did not respond to these communications but also asserts that, in response to his inquiry about "development of his concept," Netflix "claimed that they had something in production themselves." *Id.* at 2.

Plaintiff further alleges in conclusory fashion that Netflix "stole, used, developed, and marketed the exact same reality show based on Macher[']s book Slumlord Millionaire," and that Netflix "has a history of pirating ideas from creators without authorization or compensation, thus violating the rights of this Plaintiffs [sic] intellectual property for a profit." *Id.* at 1-2. Other than their shared titles, Plaintiff does not identify *any* purported similarity between his works and the "Slumlord Millionaire" episode of *Dirty Money*. Plaintiff seeks $5 million in compensatory damages and another $5 million in punitive damages and asks the Court to "consider and [sic] immediate cease-and-desist order to stop the further development and distribution of any and all productions and shows that relate directly to the book and reality show, Slumlord Millionaire." *Id.* at 4.

### III.  ARGUMENT

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The

facts alleged must demonstrate "that the defendant's liability is plausible, not merely possible." *Lydick v. Erie Ins. Prop. & Cas. Co.*, 778 F. App'x 271, 273 (4th Cir. 2019) (citing *Iqbal*, 556 U.S. at 678). Although courts generously construe *pro se* complaints, "[a] *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021).

### A.   Plaintiff Cannot Bring a Copyright Infringement Claim for the Title "Slumlord Millionaire" As a Matter of Law

Plaintiff fails to state a claim for copyright infringement for the simple reason that titles are not copyrightable, even if the overall work is copyrighted. *See Johnson v. Automotive Ventures, Inc.*, 890 F. Supp. 507, 511-12 (W.D. Va. 1995) ("In the spirit of protecting expression without stifling ideas, courts have refused to extend [copyright] protection to short phrases."); *see also Comins v. Discovery Commc'ns, Inc.*, 200 F. Supp. 2d 512, 519 (D. Md. 2002) ("[T]itles are not copyrightable."). Indeed, the United States Copyright Office's regulations explicitly *prohibit* registration for "[w]ords and short phrases such as names, *titles*, and slogans[.]" 37 C.F.R. § 202.1 (emphasis added). Even if Plaintiff has a registered copyright over expressive works with the title "Slumlord Millionaire," he cannot base a copyright claim on similarity in title alone.[5]

Plaintiff has not pleaded any facts that would meet his burden to show the *Dirty Money* episode "copied the plaintiff's work and . . . is 'substantially similar' to the protectable elements of the plaintiff's work." *Building Graphics, Inc. v. Lennar Corp.*, 708 F.3d 573, 577 (4th Cir. 2013). Netflix's documentary is about Jared Kushner. Plaintiff does not plead that his book is about Kushner, mentions Kushner or has anything to do with Kushner. That the two works may be said to involve the same broad topic – landlords profiting by renting homes to tenants – does

---

[5] If titles were copyrightable, Plaintiff could face a claim from the owners of the copyright to the 2008 hit movie "Slumdog Millionaire."

not mean that a documentary about a presidential relative and adviser infringes a how-to guide for prospective property owners. Because Plaintiff has not, and cannot, assert any other similarities between Netflix's documentary and his book and video series, his claim for copyright infringement cannot proceed as a matter of law.

### B. Plaintiff Fails to State a Cognizable Claim for Trademark Infringement

Regarding his purported trademark in the term "Slumlord Millionaire," Plaintiff pleads only that he "owns" that mark and that Netflix "violated" his "trademark rights." Compl. at 1, 3. To the extent Plaintiff is attempting to assert a claim for trademark infringement, that claim fails. Plaintiff fails entirely to allege either that he has a registered trademark in "Slumlord Millionaire," or that the title has acquired secondary meaning as required to sustain an infringement action.

To prevail on a Lanham Act claim for trademark infringement, a plaintiff "must demonstrate that [he] has a valid, protectible trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 (4th Cir. 1995). Plaintiff has not pleaded facts that would plausibly establish either prong of that test.

The United States Patent and Trademark Office generally refuses to register trademarks for titles of creative works. *See, e.g.*, *In re Rothman*, 2019 TTAB LEXIS 335, *22 (Trademark Trial & App. Bd. September 10, 2019). Although registration is not a requirement for a trademark infringement claim, courts also generally decline trademark protection for titles absent proof they have developed secondary meaning in the marketplace as a designation of origin of the author's works. *Heirs of the Estate of William F. Jenkins v. Paramount Pictures Corp.*, 90 F. Supp. 2d 706, 710-11 (E.D. Va. 2000), *aff'd sub nom. Evans v. Paramount Pictures Corp.*, 7 F. App'x 270 (4th Cir. 2001). Plaintiff has not pleaded any facts that would support a conclusion

that consumers view the title "Slumlord Millionaire" as an indication that a particular work was authored by him.

Even if Plaintiff had pleaded facts to show secondary meaning, his trademark claim would fail because he has not pleaded any facts to plausibly show a likelihood of customer confusion. *Lone Star Steakhouse*, 43 F.3d at 930. Plaintiff does not plead and cannot show that Netflix's use of the title "Slumlord Millionaire" for one episode of the *Dirty Money* documentary series would mislead the audience about who was responsible for creating the episode. Indeed, it is wholly unreasonable to believe that consumers would confuse a Netflix video documentary episode about Jared Kushner with a how-to book about earning money by becoming a landlord.

Because Plaintiff has not and cannot plead facts that would plausibly establish the elements of a cause of action for trademark infringement, the Complaint should be dismissed with prejudice to the extent it can be interpreted as asserting a trademark infringement claim.

## IV.   CONCLUSION

For the foregoing reasons, Netflix respectfully requests that this Court grant this Motion and enter an order dismissing the Complaint in its entirety with prejudice.

March 27, 2023

Respectfully Submitted,

/s/ Matthew E. Kelley
Jay Ward Brown, Va. Bar No. 34355
Matthew E. Kelley, Va. Bar No. 84045
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Telephone: (202) 508-1120
Facsimile: (202) 661-2299
brownjay@ballardspahr.com
kelleym@ballardspahr.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this 27th day of March, 2023, I caused the foregoing to be electronically filed via CM/ECF and served on Plaintiff via email and U.S. Mail, as follows:

Roland Macher
1925 Salem Avenue
Roanoke, VA 24016
spankymacher@gmail.com

*Plaintiff pro se*

                                      */s/ Matthew E. Kelley*
                                      Matthew E. Kelley