IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROLAND MACHER and SLUMLORD MILLIONAIRE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 7:22-cv-00575 |
| v. | ) ) | **SHOW CAUSE ORDER** |
| NETFLIX, INC., *et al.*, | ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) ) | |

This case was filed on October 6, 2022, against six defendants: Netflix, Inc., and five executives or co-founders of Netflix. All defendants were purportedly served via certified mail on or about January 27, 2023. (*See* ECF Nos. 7–12.) Five of the six defendants responded by filing motions to dismiss, which the court granted on July 27, 2023. (*See* Order, July 27, 2023 [ECF No. 30].) The remaining defendant, Marc Randolph, has not appeared or responded to the complaint in any fashion. Roland Macher and Slumlord Millionaire LLC (collectively, "Plaintiffs") have not moved for entry of default or default judgment against Randolph. *See* Fed. R. Civ. P. 55.

According to the documents filed by Plaintiffs, it does not appear that proper service has been effected on Randolph. Plaintiffs' filings indicate that a certified mailing was sent to Randolph at Netflix's corporate headquarters in California, but under Federal Rule of Civil Procedure 4(e), an individual defendant must be served (1) in a manner prescribed by state law or (2) personally, at his or her dwelling or usual place of abode, or through an agent authorized or appointed to receive service of process. By attempting to effect service by certified mail at

Netflix's headquarters, Plaintiffs did not meet the requirements of Rule 4(e)(2) because they did not serve Randolph personally, at his or her dwelling or usual place of abode, or through an agent authorized or appointed to receive service of process. Fed. R. Civ. P. 4(e)(2); *see Patterson v. Whitlock*, 392 F. App'x 185, 188 n.7 (4th Cir. 2010) (stating that Rule 4(e) does not authorize service by mail unless permitted by state law); *see also Abel v. Harp*, 122 F. App'x 248, 250-51 (6th Cir. 2005) (ruling that service by mail at a person's place of employment is not proper service under Rule 4(e)(2)). Therefore, for Plaintiffs' attempted service to be proper, they must show that it was in a manner prescribed by California or Virginia law.[1] *See* Fed. R. Civ. P. 4(e)(1).

Plaintiffs' purported service by certified mail does not comply with the requirements of California law. *See Austin v. Lyft, Inc.*, No. 21-CV-09345-MMC, 2022 WL 395310, at *3 (N.D. Cal. Feb. 9, 2022).

> Under California law, a summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served, *see* Cal. Code Civ. P. § 415.10, or by leaving a copy of the summons and complaint during usual office hours at his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy . . . to the person to be served at the place where said documents were left, *see id.* § 415.20. As a third alternative, California permits service by mail. *See id.* § 415.30. Such service, however, requires that the summons and complaint be accompanied by two copies of a notice and acknowledgment of receipt that is substantially in the . . . form provided for in section 415.30(b) of the California Code of Civil Procedure. *See id.* § 415.30(a)–(b). Further, and of particular importance, service by mail under section 415.30 is not deemed complete until the date a written acknowledgment of receipt of

---

[1] Federal Rule of Civil Procedure 4(e)(1) says that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." This court is in Virginia and Randolph was purportedly served in California, so if service was valid under either state's laws, it would satisfy Rule 4(e).

summons is executed, *see id.* § 415.30(c), specifically, by the *party addressed* . . . .

*Id.* (emphasis in original) (cleaned up). Accordingly, mailing a copy of the summons and complaint to Netflix's headquarters via certified mail, without more, does not satisfy California's rules for personal service on an individual.

Nor does merely mailing a summons and copy of the complaint to Netflix's headquarters in California satisfy Virginia's service of process rules on Randolph individually. Va. Code Ann. § 8.01-296 sets forth the methods for serving an individual under Virginia law, and "[c]ertified mail [is] not an available option for service of process." *Luciano v. Va. Dep't of Motor Vehicles*, No. 7:18-CV-00328, 2018 WL 5316013, at *2 (W.D. Va. Oct. 26, 2018). Plaintiffs' service also does not appear to be proper under Virginia's long-arm statute for effectuating service because there is no indication that *any* of the requirements of that statute have been attempted, let alone completed. *See* Va. Code Ann. § 8.01-329.

Federal Rule of Civil Procedure 4(m) requires that a summons and copy of the complaint be served within 90 days after the complaint is filed. Given that more than a year has passed since this case was filed and Plaintiffs have not offered evidence to indicate that Randolph was properly served with the necessary pleadings, Plaintiffs are **ORDERED** to **SHOW CAUSE** why this case should not be dismissed for failure to serve under Rule 4(m). Plaintiffs must file a pleading responsive to this Order within **14** days. Failure to do so will result in dismissal without further Order of the court.

Moreover, in its prior Opinion, the court advised Plaintiffs that Slumlord Millionaire LLC may not proceed *pro se*:

> It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

(Mem. Op. at 7, July 27, 2023 (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)) [ECF No. 29].) Accordingly, Slumlord Millionaire LLC is **ORDERED** to have a licensed attorney file a notice of appearance on its behalf within **14** days or all claims brought by it will be dismissed.

The clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 20th day of October, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE